# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE ANDRE, | Civil Action No.: 1:18-cv-03183-RBK-AMD |
| Plaintiff, | |
| v. | |
| TRINITY HEALTH CORPORATION; LOURDES CARDIOLOGY SERVICES; HEALTH MANAGEMENT SERVICES, INC.; MERCEDES FUSCELLARO (*individually*); JENNIFER GARRON (*individually*); GAYLE WEXLER (*individually*); BARBARA HOELFNER (*individually*); AND JILLIAN MOEHER (*individually*), | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TRINITY HEALTH CORPORATION; LOURDES CARDIOLOGY SERVICES; HEALTH MANAGEMENT SERVICES, INC.; MERCEDES FUSCELLARO; JENNIFER GARRON; GAYLE WEXLER; AND BARBARA HOELFNER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**FOX ROTHSCHILD LLP**
Wayne E. Pinkstone
Lucy Li
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08648
(609) 896-3600
*Attorneys for Defendants Trinity Health Corporation; Lourdes Cardiology Services; Health Management Services, Inc.; Mercedes Fuscellaro; Jennifer Garron; Gayle Wexler; and Barbara Hoelfner*

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND .......................................... 2

III.   ARGUMENT ........................................................................... 4

     A.    Applicable Legal Standard. ........................................... 4

     B.    Plaintiff's ADA Claim (Count Four) Must Be Dismissed
          for Failure to Exhaust Administrative Remedies and
          Failure to State a Claim. ............................................... 5

          1.    Plaintiff Failed to Exhaust Administrative
                Remedies. ......................................................... 5

          2.    Plaintiff has Failed to Plead Sufficient Facts to
                Allege that She Suffered from a Covered
                Disability. ......................................................... 9

     C.    The Corporate Defendants Must Be Dismissed From
          Plaintiff's Seventh Cause of Action for Aiding and
          Abetting. ................................................................... 10

     D.    Plaintiff's Wage and Hour Claims (Eighth and Ninth
          Count) Against the Individual Defendants Must Be
          Dismissed for Failure to State a Claim Against Them. ........ 12

     E.    All of Plaintiff's Claims Against THC Must Be
          Dismissed Because She Has Failed To Plead Facts
          Regarding THC. .......................................................... 14

          1.    Plaintiff Fails to State a Claim Against THC
                Under Section 1981. ........................................... 14

          2.    Plaintiff Failed to Plead that THC was Her
                Employer. ......................................................... 15

IV.   CONCLUSION ..................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. DSM N.V.*,
589 F. Supp. 2d 528 (D.N.J. 2008) ....................................................................6

*Antol v. Perry*,
82 F.3d 1291 (3d Cir.1996) ..............................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................................5

*Baystate Alternative Staffing, Inc. v. Herman*,
163 F.3d 668 (1st Cir. 1998) ...........................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................4, 5

*Bermingham v. Sony Corp. of America*,
820 F. Supp. 834 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994) ...............14

*Cicchetti v. Morris Cty. Sheriff's Office*,
194 N.J. 563(N.J. 2008) ..................................................................................16

*Chao v. Hotel Oasis, Inc.*,
493 F.3d 26 (1st Cir. 2007) .............................................................................13

*Daughtry v. Family Dollar Stores*,
No. CIV. 09-5111 RBK AMD, 2011 WL 601270 (D.N.J. Feb. 16,
2011) ..............................................................................................................8, 9

*De Leon-Granados v. Eller & Sons Trees, Inc.*,
581 F. Supp. 2d 1295 (N.D. Ga. 2008) ...........................................................13

*Dole v. Haulaway Inc.*,
723 F. Supp. 274 (D. N.J. 1989) ......................................................................13

*Failla v. City of Passaic*,
146 *F*.3d 149, 158 (1998) ................................................................................11

*Fessler v. PPL Utilities Corp.*,
No. 08–1756, 2008 WL 3832224 (E.D.Pa. Aug.14, 2008) ................................... 8

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) .......................................................... 5, 17

*Glus v. G.C. Murphy Co.*,
562 F. 2d 880 (3d Cir. 1977) ............................................................. 6

*Graves v. Lowery*,
117 F.3d 723 (3d Cir.1997) .............................................................. 16

*Hilinski v. Potter*,
No. 03-3549 RBK, 2006 WL 2569214 (D.N.J. Sept. 1, 2006) ............................. 6

*Holowecki v. Federal Express Corp.*,
440 F.3d 558 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) ................................ 7

*Hurley v. Atlantic City Police Dep't*,
174 *F*.3d 95, 129 (3d Cir. 1999) ....................................................... 11

*Moscowitz v. Brown*,
850 F. Supp. 1185 (S.D.N.Y. 1994) .................................................... 14

*Mulford v. Computer Leasing, Inc.*,
334 N.J. Super. 385 *(1999)* ............................................................ 13

*Nat'l Labor Relations Bd. v. Browning–Ferris Indus. of Pa., Inc.*,
691 F.2d 1117 (3d Cir.1982) ........................................................... 16

*Ostapowicz v. Johnson Bronze Co.*,
541 F.2d 394 (3d Cir. 1976) .......................................................... 6, 7

*Perez v. Palermo Seafood, Inc.*,
548 F. Supp. 2d 1340 (S.D. Fla. 2008) ................................................. 13

*Papasan v. Allain*,
478 U.S. 265 (1986)..................................................................... 4

*Plaso v. IJKG, LLC*,
553 F. App'x 199 (3d Cir. 2014) ....................................................... 16

iii

*In re Rockefeller Ctr. Properties, Inc. Securities Litig.*,
  184 F. 3d 280 (3d Cir. 1999) ...................................................................7

*Santiago v. Warminster Township*,
  629 F.3d 121 (3d Cir. 2010) .....................................................................5

*Spindler v. Se. PA Transp. Auth.*,
  47 Fed. App'x. 92 (3d Cir.2002) ...............................................................8

*Tarr v. Ciasulli*,
  181 N.J. 70, 853 A.2d 921 (N.J. 2004).....................................................11

*Umland v. PLANCO Fin. Servs., Inc.*,
  542 F.3d 59 (3d Cir. 2008) ........................................................................4

*Waiters v. Parsons*,
  729 F.2d 233 (3d Cir. 1984) ......................................................................6

*Williams v. East Orange Cmty. Charter Sch.*,
  No. 10–1985, 2010 WL 3933477 (3d Cir. Oct.8, 2010) ...........................7

**Statutes**

29 U.S.C. § 203(d) .......................................................................................12

29 U.S.C. § 207 ............................................................................................16

42 U.S.C. § 1981 ...................................................................................1, 3, 14

42 U.S.C. § 1981(a) .....................................................................................14

42 U.S.C. § 2000e–5 ......................................................................................5

42 U.S.C. § 2000e-2(a) .................................................................................15

42 U.S.C. § 12102 .........................................................................................10

42 U.S.C. § 12111(2) ....................................................................................15

42 U.S.C. § 12112(a) .....................................................................................15

42 U.S.C. § 12117(a) ......................................................................................5

N.J.S.A. § 10:5-12(a) ....................................................................................16

iv

N.J.S.A. § 10:5-12(e) ..................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b) ..................................................................................6

Fed. R. Civ. P. 12(b)(6)...........................................................................4, 6, 17

v

## I.   __INTRODUCTION__

This is an action for purported violations of state and federal employment laws. Plaintiff Marie Andre ("Plaintiff") alleges that Trinity Health Corporation ("THC"), Lourdes Cardiology Services ("LCS"), and Health Management Services Organization, Inc. ("HMS") (the "Corporate Defendants") and her supervisors and purported managers, Mercedes Fuscellaro, Jennifer Garron, Gayle Wexler, Barbara Hoelfner, (the "Individual Defendants") (the Corporate Defendants and Individual Defendants are collectively the "Defendants") and Jillian Moeher[1], discriminated against her on the basis of race, color, and/or national origin and disability. She also alleges retaliation and wage and hour claims, all under both state and federal laws.

The Complaint is comprised of nine counts for: (1) discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"); (2) discrimination under Title VII (against corporate defendants only); (3) retaliation under Title VII (against corporate defendants only); (4) discrimination under the Americans with Disabilities Act ("ADA") (against corporate defendants only); (5) discrimination under New Jersey Law Against Discrimination ("NJLAD"); (6) retaliation under NJLAD; (7) aiding and abetting; (8) violation of the Fair Labor Standards Act ("FLSA"); and (9) failure to pay overtime in violation of NJ wage and hour law ("NJWHL").

---

[1] This Firm represents the Corporate Defendants and Individual Defendants only. This Firm does not represent Defendant Jillian Moeher as there is no person by that name employed at Defendant LCS's Willingboro location as alleged in the Complaint.

1

Defendants hereby move to dismiss Plaintiff's ADA Claim (Count Four) for failure to exhaust administrative remedies and failure to plead sufficient facts to establish a claim. Defendants further move to dismiss Plaintiff's Seventh Count for Aiding and Abetting against all Corporate Defendants because this claim is necessarily directed at the Individual Defendants, not the Corporate Defendants. Additionally, Plaintiff's wage and hour Claims (Eighth and Ninth Counts) must be dismissed against the Individual Defendants because she has failed to plead facts sufficient to establish that they are subject to individual liability. Finally, THC must be dismissed from all counts for failure to plead facts sufficient facts to establish any claims against it.

## II.   <u>RELEVANT FACTUAL BACKGROUND</u>

Plaintiff began her employment at LCS around September 2014 as a Certified Nursing Assistant ("CNA"). Complaint ¶ 21. Beginning in July 2015, she worked as a Registered Medical Assistant ("RMA") at LCS. *Id.* at ¶ 22. Plaintiff represents that she is of Haitian origin. *Id.* at ¶ 23. She also represents that she spoke English with an accent and that her supervisor, Defendant Fuscellaro, purportedly commented on her accent. *Id.* at ¶ 24. Due to multiple performance deficiencies and violation of company policy, Plaintiff was terminated on or about July 19, 2017. *See id.* at ¶ 76. Based on her belief that such conduct constituted discrimination and retaliation, she filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.*

2

at ¶ 4. The EEOC charge alleges discrimination based on race and national origin as well as retaliation, and does not allege that she was discriminated upon based on a disability. **Exhibit A.** On or around December 6, 2017, the EEOC issued her a Right to Sue Letter. Complaint ¶ 5. Thereafter, she instituted this lawsuit alleging claims under Section 1981, Title VII, ADA, NJLAD, NJWHL, and FLSA. *Id.* at ¶ 1.

With respect to her ADA claim, not only does her EEOC charge fail to put the EEOC and Defendants on notice that she is alleging disability discrimination, the only marginally relevant "facts" pled are that she had headaches and high blood pressure in January 2016 and that she had Inflamed Hemorrhoids in June 8, 2017. *Id.* at ¶¶ 33, 58. The Complaint does not allege that those purported symptoms are, or are associated with, any type of disability covered by the ADA or that her managers knew about them or any other "disability."

Additionally, Plaintiff alleges that she was forced to work off-the-clock and was not compensated for those hours allegedly worked. *Id.* at ¶¶ 35-36. She reported this to Defendants Moeher and Fuscellaro. *Id.* However, the Complaint does not allege that they, or any other Individual Defendant, are owners, officers, or directors of the Corporate Defendants, such that any illegal conduct would give rise to individual liability with respect to her wage and hour claims.

Finally, although Plaintiff alleges that she worked for LSC, the Complaint contains a single conclusory allegation that THC, HMS, and LCS were all Plaintiff's

"joint and solo employer". *Id.* at ¶¶ 12, 20. There are no allegations that THS paid

Plaintiff, set her compensation, had authority to hire, fire, or discipline her, or that

they had control over her daily employment activities. Furthermore, Plaintiff alleges

that she reported her belief of discrimination, retaliation, and wage and hour claims

to the Individual Defendants who are all employed by LCS. *Id.* at ¶¶ 13-17, 30, 34,

and 38. She also alleges that Defendants Wexler and/or Moeher, who both work for

LCS, terminated her on or about July 19, 2017. *Id.* at ¶¶ 15, 17, and 76. She does not

allege that she reported any of her allegations to THC or that they had any authority

to address any of her allegations.

## III.   ARGUMENT

### A.   Applicable Legal Standard.

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept

the complaint's allegations as true, read those allegations in the light most favorable

to the plaintiff, and determine whether a reasonable reading indicates that relief may

be warranted." *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

The Court, however, is not "bound to accept as true a legal conclusion couched as a

factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (cited with approval

in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *Twombly* holds that, to

survive a motion to dismiss, a plaintiff must allege facts sufficient to "raise a right

to relief above the speculative level," presenting more than "labels and conclusions,

4

and a formulaic recitation of the elements of a cause of action." 550 U.S. at 555. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Thus, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Id.* Allegations that are "no more than conclusions" are not entitled to the assumption of truth. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

**B.    Plaintiff's ADA Claim (Count Four) Must Be Dismissed for Failure to Exhaust Administrative Remedies and Failure to State a Claim.**

**1.    Plaintiff Failed to Exhaust Administrative Remedies.**

Plaintiff brings disability discrimination claims against Defendants under the ADA. As an initial matter, the ADA requires plaintiffs to file a charge of discrimination with the applicable administrative agency within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5. Thus, in order for Plaintiff to bring an ADA claim in this Court, she must first have

filed a charge with the applicable administrative agency. *Anderson v. DSM N.V.*, 589 F. Supp. 2d 528, 535 (D.N.J. 2008). The charge gives the EEOC or the equivalent state agency sufficient notice of the claims Plaintiff is expecting the EEOC to investigate. Failure to give that notice is a failure to exhaust administrative remedies even if the plaintiff has received a right to sue letter. *Glus v. G.C. Murphy Co.*, 562 F. 2d 880, 888 (3d Cir. 1977) (noting that one of the primary purposes of the exhaustion requirement is to provide notice to the charged party); *Hilinski v. Potter*, No. 03-3549 RBK, 2006 WL 2569214, at *12 (D.N.J. Sept. 1, 2006) (citing to *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976)) ("the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

The relevant test in determining whether Plaintiff had exhausted her administrative remedies is whether the acts alleged in the subsequent lawsuit are fairly within the scope of her prior EEOC charge, or the investigation arising therefrom. *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

Rule 12(b)(6) provides that in deciding a motion to dismiss, the courts are confined to the allegations of complaint. That is, a court should normally not consider documents other than the complaint itself and any documents attached to it. Fed. R. Civ. P. 12(b). However, the Third Circuit recognizes an exception to this general rule. Where a document is either "integral to or explicitly relied upon in the

complaint," a court may consider the document in ruling on a motion to dismiss. *In re Rockefeller Ctr. Properties, Inc. Securities Litig.*, 184 F. 3d 280, 287 (3d Cir. 1999). The Complaint refers to the EEOC Right to Sue notice and is therefore integral and explicitly relied upon in the Complaint. *See* Complaint ¶ 5. Plaintiff's EEOC charge is attached hereto as **Exhibit A**.

Consideration of her EEOC filings is proper because it is Plaintiff's burden to satisfy the administrative exhaustion requirements and she necessarily relied on those filings to allege that she satisfied her burden. *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs['] relevant filings with the EEOC . . ., none of which were attached to the complaint, because the [plaintiffs] rely on these documents to satisfy the [administrative remedy] requirements."), *aff'd*, 552 U.S. 389 (2008). Here, Plaintiff filed an EEOC charge dated July 24, 2017, where she alleged that she was discriminated against based on race (African American) and national origin (Haitian) ("EEOC Charge"). **Exhibit A.**

Even if Plaintiff's EEOC Charge satisfied the exhaustion requirement, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398–99 (3d Cir.1976); *see Williams v. East Orange Cmty. Charter Sch.,* No. 10–1985, 2010 WL

7

3933477, at *1 (3d Cir. Oct.8, 2010) ("The ensuing suit [in *federal court*] is limited to claims *that are within the scope of the initial administrative charge*.") (emphasis added). Therefore, where an EEOC charge fails to include a claim based upon a specific protected characteristic, the plaintiff is precluded from bringing a claim for judicial relief for that characteristic in federal court. *See Spindler v. Se. PA Transp. Auth.,* 47 Fed. App'x. 92, 94–95 (3d Cir.2002) (finding that district court appropriately dismissed claim of discrimination on the basis of race when plaintiff alleged discrimination on the basis of disability in his EEOC charge, and then subsequently brought a claim for discrimination on the basis of race in federal court); *Antol v. Perry,* 82 F.3d 1291, 1295–96 (3d Cir.1996) (dismissing plaintiff's gender discrimination claim because EEOC charge only included claims of disability discrimination); *Fessler v. PPL Utilities Corp.,* No. 08–1756, 2008 WL 3832224, at *7–8 (E.D.Pa. Aug.14, 2008) (dismissing age discrimination claim of plaintiff who filed EEOC charge for retaliation).

For example, in *Daughtry v. Family Dollar Stores*, No. CIV. 09-5111 RBK AMD, 2011 WL 601270, at *7 (D.N.J. Feb. 16, 2011), the plaintiff's EEOC charge states that he believed he was retaliated against because his wife filed a charge of discrimination against the same employer. *Id.* Later in his civil action, he alleged discrimination based on race and sex. *Id.* There, the district court found that the plaintiff failed to exhaust administrative remedies because "claims of race and sex

8

discrimination are separate and distinct from [p]laintiff's allegations of retaliation in the EEOC Charge." *Id.*

Similarly here, Plaintiff's EEOC Charge only alleges that she was "discharged and retaliated against for engaging in protected activity due to [her] race (African American) and National Origin (Haitian)." **Exhibit A.** Therefore, the parameters of her civil action are solely limited to race, national origin, and retaliation claims, as set forth above. Her EEOC Charge does not indicate or give any notice of the fact that she believed she was discriminated against because of a disability. The EEOC and Defendants were not on notice of Plaintiff's disability discrimination allegations, and neither Defendants nor the EEOC could have investigated such claims. Plaintiff's new claim of disability discrimination under the ADA is not related to or built upon the claims in her EEOC Charge.

Therefore, Claimant's newly alleged ADA claim (Count IV) are not within the scope of her EEOC Charge or any investigation arising therefore, and must be dismissed with prejudice.

### 2. Plaintiff has Failed to Plead Sufficient Facts to Allege that She Suffered from a Covered Disability.

Additionally, even if she had exhausted her administrative remedies as required, her Complaint fails to allege that Plaintiff suffered from a covered disability during the relevant time. Under the ADA, the term "disability" means, with respect to an individual: (A) a physical or mental impairment that substantially

9

limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)). 42 U.S.C. § 12102. "Major Life Activities" means caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. *Id.*

The Complaint does not allege that Plaintiff suffered from a disability that substantially limits one or more major life activities. It only alleges that she had headaches and high blood pressure in January 2016 and that she had Inflamed Hemorrhoids in June 8, 2017. Complaint ¶¶ 33, 58. Plaintiff associates those symptoms with stress from work and does not allege that her purported symptoms are associated with any type of disability. *Id.* Furthermore, she does not allege that those are ongoing conditions that substantially limit a major life activity that could be construed as a disability under the ADA. Therefore her fourth cause of action for discrimination under the ADA must be dismissed for this additional reason.

## C.   The Corporate Defendants Must Be Dismissed From Plaintiff's Seventh Cause of Action for Aiding and Abetting.

Plaintiff's seventh count for aiding and abetting against all Defendants must necessarily be directed at the Individual Defendants – not the Corporate Defendants – and will fail if brought against the Corporate Defendants. Plaintiff alleges that "Defendants engaged in unlawful discrimination practice in violation of NJLAD §

10

10:5-12(e) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct against Plaintiff." Complaint ¶ 118. Not only is such an assertion wholly conclusory, it is baseless and illogical against the Corporate Defendants. The Corporate Defendants, are not an individual "managers" or "decision makers." In addition, there is no allegation, nor could there be, that THC "managed" Plaintiff in any manner or made any decision regarding Plaintiff.

Indeed, under the NJLAD, aiding and abetting is a theory of individual *supervisor* liability. *See e.g.*, *Tarr v. Ciasulli*, 181 N.J. 70, 83–84 (N.J. 2004) (citing with approval the Third Circuit Court of Appeals predictions regarding New Jersey Court's adoption of aiding and abetting liability for supervisory employees in *Failla v. City of Passaic,* 146 *F.*3d 149, 158 (1998) ("[A]n employee aids and abets a violation of the LAD when he [or she] knowingly gives substantial assistance or encouragement to the unlawful conduct of [the] employer.") and *Hurley v. Atlantic City Police Dep't,* 174 *F.*3d 95, 129 (3d Cir. 1999) (New Jersey courts would impose aiding and abetting liability only on supervisory employees). No authority in which a similar theory of liability for corporate entities, such as the Corporate Defendants, can be located. This means that even if Plaintiff had pled sufficient facts to establish that the Corporate Defendants were her employer, there is no relief for a claim of aiding and abetting a violation of the NJLAD against them. Therefore,

her aiding and abetting claim (Count VII) must be dismissed against the Corporate Defendants.

> **D.  Plaintiff's Wage and Hour Claims (Eighth and Ninth Count) Against the Individual Defendants Must Be Dismissed for Failure to State a Claim Against Them.**

For her eighth cause of action for violations of the FLSA with respect to failure to pay overtime, individuals may be liable under the FLSA if they exercise significant control over the company's operations. To make this determination, courts consider whether the managers have the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and other signs of operational control over significant aspects of the corporation's day-today functions.

Section 203(d) of the FLSA defines as an employer "any person acting directly or indirectly in the interest of an employer in relation to an employee," this means that corporate officers and supervisors could be potentially liable for wage and hour violations. 29 U.S.C. § 203(d). Personal liability under the FLSA usually turns on a multi-part test: (1) whether the individual has a significant ownership interest in the corporation; (2) whether the individual had personal responsibility for the decision that led to the conduct which violated the FLSA; (3) whether the individual supervised and controlled employee work schedules and conditions of employment; (4) whether the individual maintained employment records; and (5)

whether the individual had control of significant aspects of the corporation's day-to-day operations, including the compensation of employees. *See Dole v. Haulaway Inc.*, 723 F. Supp. 274 (D. N.J. 1989) ("A corporate officer with operational control is an 'employer,' along with the corporation"); *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 677-78 (1st Cir. 1998) (supervisory authority not sufficient for individual liability under the FLSA; rather the individual defendant must have control over the work situation coupled with personal responsibility for the decision that violated the FLSA); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007); *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295 (N.D. Ga. 2008); *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340 (S.D. Fla. 2008).

Here, Plaintiff does not and cannot allege that the individual defendants had significant ownership interests in the company or that they had operational control, among other deficiencies. It only alleges that she reported her purported unpaid overtime to Defendant Moeher and Defendant Fuscellaro and that she was not paid for her alleged off-the-clock work. Complaint ¶¶ 35-36. Therefore, Plaintiff has failed to allege that the Individual Defendants are subject to personal liability under the FLSA.

Similarly, the NJWHL generally applies to officers, directors, and shareholders, of the corporation. *Mulford v. Computer Leasing, Inc.,* 334 N.J. Super. 385, 393-94 (1999). Here, the Complaint does not allege that the Individual

Defendants are owners, officers, or directors of the Corporate Defendants; it only alleges that they were Plaintiff's supervisors. Complaint ¶18. Therefore, Plaintiff's NJWHL action against the Individual Defendants must be dismissed for failure to state a claim against them.

### E.   All of Plaintiff's Claims Against THC Must Be Dismissed Because She Has Failed To Plead Facts Regarding THC.

The authorities that give rise to Plaintiff's claims, namely Section 1981, Title VII, ADA, NJLAD, and the FLSA, are all designed to eliminate unlawful employment practices by employers against their employees. The Complaint fails to plead facts sufficient to establish that THC had a relationship with Plaintiff that could make them potentially liable to Plaintiff.

#### 1.   Plaintiff Fails to State a Claim Against THC Under Section 1981.

The plain language of Section 1981 states that Plaintiff's claim would have to be based on a contractual relationship with the employer. 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to *make and enforce contracts*…to the full and equal benefit of all laws …") (emphasis added); *see also Moscowitz v. Brown*, 850 F. Supp. 1185, 1192 (S.D.N.Y. 1994). Plaintiff makes no allegation in the Complaint of the existence of an express or implied contract between her and THC. The only marginally relevant reference to THC was that it was her "joint and solo" employer.

Complaint ¶ 20. These are merely conclusory statements that do not establish that Plaintiff had any type of contractual relationship with THC. Therefore, she has failed to state a claim under Section 1981 against both entities. *See Bermingham v. Sony Corp. of America*, 820 F. Supp. 834, 861 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994) (To state a Section 1981 claim for discriminatory discharge or discriminatory treatment during employment, the employee is required to base the claim on contractual relationship with the employer.).

## 2. Plaintiff Failed to Plead that THC was Her Employer.

All of Plaintiff's other causes of action require an employment relationship. In her Complaint, Plaintiff simply alleges that THC "was and is a foreign corporation authorized to do business in the State of New Jersey" and makes a single conclusory statement that THC was her "joint and solo employer". Complaint ¶¶ 8, 20. There are no other allegations against THC. The Complaint does not contain any allegations of control or other indicia of the employer/employee relationship between Plaintiff and THC, which is required to bring claims under Claimant's remaining causes of action. Accordingly, Plaintiff has not and cannot state any claim against THC.

Under Title VII, "[i]t shall be an unlawful employment practice for an *employer*… to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's

15

race…." 42 U.S.C. § 2000e-2(a) (emphasis added). The ADA states that "[no *employer*] shall discriminate against a qualified individual on the basis of disability in regard to…terms, conditions, and privileges of employment." 42 U.S.C. §§ 12111(2), 12112(a).

Additionally, the NJLAD provides that: "*employers* are liable for acts of employment discrimination." *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 591(N.J. 2008) (citing *N.J.S.A.* 10:5–12(a)) (emphasis added). Not surprisingly, the FLSA requires that *employers* pay employees overtime for a workweek that is longer than 40 hours. *See* 29 U.S.C. § 207.

A joint employment relationship exists when "two entities exercise significant control over the same employees." *Graves v. Lowery,* 117 F.3d 723, 727 (3d Cir.1997); *see also Nat'l Labor Relations Bd. v. Browning–Ferris Indus. of Pa., Inc.,* 691 F.2d 1117, 1123 (3d Cir.1982). When determining whether an entity exercises significant control with another employer, district courts in the Third Circuit have assessed the following factors: (1) the entity's "authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours"; (2) its "day-to-day supervision of employees, including employee discipline"; and (3) its "control of employee records, including payroll, insurance, taxes and the like." *Plaso v. IJKG,*

*LLC*, 553 F. App'x 199, 204–05 (3d Cir. 2014) (applying *Graves* to claims under both Title VII and NJLAD).

Here, Plaintiff has not pled any facts indicating that THS paid her, and set her compensation; had authority to hire, fire, or discipline her; or that they had that had control over the her daily employment activities. The conclusory statement that THS, LCS, and HMS were "Plaintiff's joint and solo employer," Complaint ¶ 20, is at best a conclusory allegation that will not survive a motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request this Court to dismiss Count IV (against all Defendants); Count VII (against Corporate Defendants); Counts VIII and IX (against Individual Defendants); and all counts against THC, with prejudice, under Fed. R. Civ. P. 12(b)(6).

**FOX ROTHSCHILD LLP**
Attorneys for Defendants

Date: May 11, 2018                    By:   /s/ Wayne E. Pinkstone
                                           Wayne E. Pinkstone
                                           Lucy Li

ACTIVE\56467578.v2-5/11/18

# EXHIBIT A

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| | **Marie G. Andre** |
| Human Resources Manager | THIS PERSON (*check one or both*) |
| **LOURDES MEDICAL ASSOCIATES** | [X] Claims To Be Aggrieved |
| 500 Grove St, Suite 100 | [ ] Is Filing on Behalf of Other(s) |
| Haddon Heights, NJ 08035 | EEOC CHARGE NO. |
| | **530-2017-03351** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
   to
   If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Damon A. Johnson, **Supervisory Investigator** | **Philadelphia District Office** |
|---|---|
| *EEOC Representative* | **801 Market Street** |
| | **Suite 1300** |
| *Telephone* **(215) 440-2664** | **Philadelphia, PA 19107** |
| | **Fax: (215) 440-2604** |

Enclosure(s): [ ] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race   [ ] Color   [ ] Sex   [ ] Religion   [X] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Discharge, Harassment

DATE(S) (on or about):  EARLIEST: 07-19-2017   LATEST: 07-19-2017 **A perfected charge will be provided to you once it has been received. Please send an email to PDOContact@eeoc.gov with the name, title, and email address of your organization's designated representative for EEOC matters**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **July 24, 2017** | **Spencer H. Lewis, Jr.,** **District Director** | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 530-2017-03351 |

**New Jersey Division On Civil Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Marie G. Andre | (609) 835-0292 | 1969 |

Street Address — City, State and ZIP Code
9 Bermuda Cir, Willingboro, NJ 08046

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| LOURDES MEDICAL ASSOCIATES | 201 - 500 | (856) 798-9258 |

Street Address — City, State and ZIP Code
500 Grove St, Haddon Heights, NJ 08035

DISCRIMINATION BASED ON *(Check appropriate box(es).)*
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 07-19-2017  Latest 07-19-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on as Medical Assistant

Since working under Mercedes (Caucasian, Supervisor) I have been subjected to disparate treatment. My Caucasian coworkers were not subjected to similar treatment and terms and conditions as I was. I was told I was not allowed to go to human Resources and was made to work after I had clocked out without pay. Many times did Mercedes make comments about my accent and even had a coworker (African American) act as a "translator" while speaking with. I did however go to human on June 22, 2016 and nothing was done about the treatment. On July 12, 2017 I again went to human resources to complain about the disparate treatment. On July 19, 2017 I was discharged by Respondent the reason given was an unknown event that Respondent claimed happened in January.

I allege, in violation of Title VII of the Civil Rights Act of 1964, as amended, I was discharged and retaliated against for engaging in protected activity due to my Race (African American) and National Origin (Haitian).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 24, 2017
Date — Charging Party Signature

NOTARY -- *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.