# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE ANDRE<br><br>    Plaintiff,<br>vs.<br><br>TRINITY HEALTH CORPORATION; LOURDES CARDIOLOGY SERVICES; HEALTH MANAGEMENT SERVICES ORGANIZATION, INC.; MERCEDES FUSCELLARO (*individually*); JENNIFER GARRON (*individually*); GAYLE WEXLER (*individually*); BARBARA HOELFNER (*individually*); AND JILLIAN ("Jill") M. KOERNER (*individually*),<br><br>    Defendants. | Civil Action No.: 1:18-cv-03183-RBK-AMD<br><br><br><br><br><br>**ORAL ARGUMENT REQUESTED** |

---

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 16(f)

---

**FOX ROTHSCHILD LLP**
Wayne E. Pinkstone
Allison L. Hollows
997 Lenox Drive
Lawrenceville, New Jersey 08648
(609) 896-3600

*Attorneys for Defendants Lourdes Cardiology Services; Health Management Services Organization, Inc.; Mercedes Fuscellaro; Jennifer Garron; Gayle Wexler; Barbara Hoelfner; and Jillian M. Koerner*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................ 1

RELEVANT FACTUAL BACKGROUND ............................................................. 3

ARGUMENT ............................................................................................................... 5

    I.    THE CIRCUMSTANCES OF THIS ACTION DO NOT SUPPORT PLAINTIFF'S REQUEST FOR IMPOSITION OF SANCTIONS. ............................................................................................ 5

CONCLUSION ........................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Day-Lewis v. U.S. E.E.O.C.*,
   No. 12-2638, 2015 WL 221067 (E.D. Pa. Jan. 15, 2015) .....................................5

*Del Rio v. Northern Blower Co.*,
   574 F.2d 23 (1st Cir. 1978) ..................................................................................9

*Grant v. Omni Health Care Systems of NJ, Inc.*,
   No. 08–306, 2009 WL 3151322 (D.N.J. Sept. 24, 2009)....................................7

*Grigoryants v. Safety-Kleen Corp.*,
   No. 11-267E, 2014 WL 2214272 (W.D. Pa. May 28, 2014)..............................5

*Karahuta v. Boardwalk Regency Corp.*,
   No. 06–4902, 2007 WL 2825722 (E.D. Pa. Sept. 27, 2007)..............................6

*Kothe v. Smith*,
   771 F.2d 667 (2nd Cir. 1985)..............................................................................8

*Miller v. Unum Life Ins. Co. of America*,
   No. 05–177, 2006 WL 3000962 (E.D. Pa. Oct. 19, 2006) .................................6

*Newton v. A.C. & S.*,
   918 F.2d 1121 (3d Cir. 1990).........................................................................6, 8

*Rice v. NBCUniversal Media LLC*,
   No. 19-447, 2019 WL 3000808 (S.D.N.Y. July 10, 2019) ............................7, 8

*Stewart v. Moll*,
   No. 07-1085, 2008 WL 2954737 (E.D. Pa. July 31, 2008)................................7

*Tracinda Corp. v. Daimlerchrysler, AG*,
   502 F.3d 212 (3d Cir. 2007).................................................................................5

*Univ. of Pittsburgh v. Varian Med. Sys. Inc.*,
   No. 07–491, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008) ...............................6

**Other Authorities**

Fed. R. Civ. P. 16 ...................................................................................................5, 6

Fed. R. Civ. P. 16(a) ......................................................................................................6

Fed. R. Civ. P. 16(f) ................................................................................. 1, 5, 6, 9

Defendants Lourdes Cardiology Services, P.C. ("LCS"), Health Management Services Organization, Inc. ("HMS") (the "Corporate Defendants"), Mercedes Fuscellaro, Jennifer Garron, Gayle Wexler, Barbara Hoelfner, and Jillian M. Koerner (the "Individual Defendants") (the Corporate Defendants and Individual Defendants are collectively the "Defendants"), respectfully submit this Memorandum of Law in opposition to Plaintiff's Motion for Sanctions under Rule 16(f). For the foregoing reasons, the Court should deny Plaintiff's motion.

## **INTRODUCTION**

Plaintiff Marie Andre ("Plaintiff") asks this Court to impose sanctions against Defendants and Defendants' counsel for not providing the settlement offer that she wanted. Throughout this litigation, Plaintiff has repeatedly violated this Court's orders and raced to Court demanding relief to which she was not entitled. *See* ECF Nos. 27; 43. Plaintiff's Motion for Sanctions is simply one more instance of the same.

Contrary to Plaintiff's baseless assertions, Defendants have appropriately complied with the scheduling orders entered in this case. Indeed, when it was determined that Defendants required additional time to discuss their potential settlement position with counsel, Defendants requested an extension of the deadlines in this action to minimize the time and expenses incurred by the parties. Specifically, Defendants requested and Plaintiff repeatedly consented to an extension of the

1

deadline for the parties to file dispositive motions and prepare the Joint Final Pretrial Order so that Defendants could consider what and if they desired to make a settlement counteroffer. *See* ECF Nos. 48; 50. When Plaintiff indicated that no additional extensions would be agreed to, Defendants filed their dispositive motion in accordance with the schedule set forth in this case, notwithstanding that Defendants had not made a decision with regard to settlement. By seeking Plaintiff's consent to extend the deadline for dispositive motions, it was necessarily apparent that Defendants may file such a motion, otherwise an extension of the deadline for the same was unnecessary. Defendants therefore did precisely what they retained the right to do – file a dispositive motion. Plaintiff's argument that Defendants' motion for summary judgment is somehow improper should be rejected.

Plaintiff attempts to cry foul because the matter has not settled and because Defendants have determined, after much consideration, that they are not yet ready to make a settlement offer in response to Plaintiff's latest demand. This is well within their rights. Plaintiff's motion for sanctions amounts to nothing more than an attempt to force settlement of this matter—something neither Plaintiff, nor the Court nor Defendants' counsel has the power to do.

Accordingly, the Court should deny Plaintiff's motion for sanctions.

## **RELEVANT FACTUAL BACKGROUND**

Defendants have complied with the scheduling orders entered in this case, seeking extensions, with Plaintiff's consent, as necessary and appropriate. *See* ECF Nos. 48; 50. The record belies Plaintiff's contention that Defendants have unnecessarily delayed the instant action.

Plaintiff repeatedly misrepresents the contents of correspondence with the Court. On May 12, 2020, Defendants informed the Court that the parties had initially scheduled an in-person mediation on May 19, 2020, however, in light of the pandemic only virtual mediations were available. ECF No. 36. Believing an in-person mediation would be more effective, Defendants stated that they would "work with Plaintiff to reschedule a future mediation date for in-person mediation." *See id.* Indeed, Defendants had informed Plaintiff of their preference for an in-person mediation on May 1, 2020, in response to inquiry by the mediator. *See* Pinkstone Decl., Exh. 2. Thereafter, the parties did reschedule the mediation for July 30, 2020, and that mediation occurred.

On August 12, 2020, in a joint status report to the Court, Defendants stated that the matter did not settle on July 30, 2020, "but the mediation is currently continuing through an open mediation with Judge Rizzo. Defense counsel has a phone call scheduled with Judge Rizzo on August 19, 2020 to continue settlement discussions." ECF No. 41. Defense counsel indeed had a telephone call with Judge

3

Rizzo as represented, at which time Defendants declined to provide a counter offer in light of the parties' respective positions.[1] Thereafter, the parties continued to litigate, taking expert depositions.

In November, the parties restarted settlement discussions, in light of the impending dispositive motion deadline. On January 25, 2021, Defendants requested, with the consent of Plaintiff, that the deadline for dispositive motions and the preparation of the Joint Final Pretrial Order be extended 30 days so that the parties could explore early resolution of the action. ECF No. 48. Defense counsel continued to work with Defendants in the intervening period regarding settlement, however, additional time was needed. Accordingly, Defendants again requested an extension of the impending deadlines so as to conserve the parties' time and resources. ECF No. 50. Thereafter, Defendants filed their dispositive motion in accordance with the scheduling order, having determined, after much consideration, that they are not yet ready to make a settlement offer in response to Plaintiff's latest demand. *See* Pinkstone Decl., ¶¶ 8-10.

Indeed, Plaintiff's complaints amount to nothing more than displeasure at Defendants' unwillingness to cede to her settlement position, resulting in the current

---

[1] As the parties were working through a mediator at the time, it is unclear what Plaintiff is complaining that Defendants failed to convey to her.

motion for sanctions which simply seeks to punish Defendants for not settling the action.

## ARGUMENT

### I. THE CIRCUMSTANCES OF THIS ACTION DO NOT SUPPORT PLAINTIFF'S REQUEST FOR IMPOSITION OF SANCTIONS.

Plaintiff seeks to sanction Defendants and Defendants' counsel under Federal Rule of Civil procedure 16 for not countering her settlement demands as Plaintiff wants. This is simply not a sanctionable action.

Under Federal Rule 16, the Court may sanction counsel, a party or both for failing to "abide by the orders of the court of fail[ing] to appear at a scheduling or other pretrial conference." *Day-Lewis v. U.S. E.E.O.C.*, No. 12-2638, 2015 WL 221067, at *1–2 (E.D. Pa. Jan. 15, 2015). Rule 16(f) provides that upon a motion, or on its own, a court may issue sanctions if a party or its attorney:

> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

*Grigoryants v. Safety-Kleen Corp.*, No. 11-267E, 2014 WL 2214272, at *5 (W.D. Pa. May 28, 2014) (quoting Fed. R. Civ. P. 16(f)); *see also Tracinda Corp. v. Daimlerchrysler, AG*, 502 F.3d 212, 242 (3d Cir. 2007) (observing that whereas sanctions imposed pursuant to court's inherent authority generally require finding of

5

bad faith, Rule 16(f) contains no such requirement). The Third Circuit has discussed the purpose, scope, and breadth of the rule.

> Rule 16 governs the scheduling and management of pretrial conferences. The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings. The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement. Accordingly, Rule 16(a) provides that the court may, in its discretion, direct the attorneys or parties to appear before it for pre-trial conferences "for such purposes as . . . facilitating the settlement of the case." If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such order with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Thus, Rule 16 authorizes the courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith.

*Newton v. A.C. & S.,* 918 F.2d 1121, 1126 (3d Cir. 1990). Pursuant to Federal Rule 16(f), in the settlement context, courts have imposed sanctions for either failing to attend a settlement conference or failing to abide by an order scheduling such a conference. *See Grigoryants*, 2014 WL 2214272, at *5 (citing *Univ. of Pittsburgh v. Varian Med. Sys. Inc.,* No. 07–491, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); *Karahuta v. Boardwalk Regency Corp.,* No. 06–4902, 2007 WL 2825722 (E.D. Pa. Sept. 27, 2007) (sanctions imposed for failing to participate in settlement conference in good faith); *Miller v. Unum Life Ins. Co.*

*of America,* No. 05–177, 2006 WL 3000962 (E.D. Pa. Oct. 19, 2006) (sanctions imposed for failure to attend court ordered settlement conference); *Grant v. Omni Health Care Systems of NJ, Inc.,* No. 08–306, 2009 WL 3151322 (D.N.J. Sept. 24, 2009) (sanctions imposed for failure to timely and properly file settlement memorandum)); *see also Stewart v. Moll*, No. 07-1085, 2008 WL 2954737, at *3 (E.D. Pa. July 31, 2008).

None of the circumstances that courts have found to warrant the imposition of sanctions apply here. Defendants abided by the scheduling orders entered in this case and attended all conference. Defendants sought extensions when necessary, which Plaintiff consented to (ECF Nos. 48, 50) – a fact that Plaintiff conveniently ignores. Plaintiff cites to a single, out of circuit, unpublished case, grossly dissimilar to the circumstances presented here to support her request for sanctions. In *Rice v. NBCUniversal Media LLC*, No. 19-447, 2019 WL 3000808, at *3 (S.D.N.Y. July 10, 2019), the Court entered a pretrial order with a date by which mediation was required to be completed. Plaintiff failed to provide dates of availability and failed to respond to requests from the Mediation Office as to the status of mediation and possible dates. *Id.* Plaintiff's counsel also failed to appear at a conference, despite the Court's explicit refusal to adjourn it and direction that "counsel (including Mr. Liebowitz himself) shall appear as scheduled." *Id.* at *4. Here, there was no failure to appear by either Defendants or Defendants' counsel at a conference or violation

of any orders. Unlike in *Rice*, here there is, quite simply, nothing to support Plaintiff's claims of bad faith.

Plaintiff's accusations that Defendants' requests for additional time to explore early resolution of the matter were really a ploy to gain additional time to prepare a dispositive motion are baseless. Defendants did consider, and continue to consider, whether and in what form they wish to reply to Plaintiff's most recent settlement demand. *See* Pinkstone Decl., ¶¶ 8-9. Defendants' counsel has had numerous discussions with Defendants regarding settlement in the intervening time, however, Defendants have not yet authorized Defendants' counsel to render any response to the demand. *See id.* Indeed it is the client who retains the power to decide whether or not to settle a matter. *See* R.P.C. 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter."). Thus, the imposition of sanctions on defense counsel in this matter would be nothing short of punishing counsel for a decision outside of counsel's control. Furthermore, settlement cannot be coerced. The Third Circuit has explained that "Although the facilitation of settlements is a laudable goal, 'pressure tactics to coerce settlement simply are not permissible.'" *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1128 (3d Cir. 1990) (quoting *Kothe v. Smith,* 771 F.2d 667, 669 (2nd Cir. 1985)). "[T]he court should never work to coerce or compel a litigant to make a settlement." *Id.* (quoting *Del Rio v. Northern Blower Co.,* 574 F.2d 23, 26 (1st Cir. 1978)).

Plaintiff baselessly claims that Defendants "have caused considerable and unwarranted costs on the Court, its staff and Plaintiff Marie Andre," but nowhere provides any explanation of what these purported costs are or calculation of any relevant fees because she cannot. Plaintiff incurred no additional expenses with regard to Defendants' continued consideration of their response to Plaintiff's settlement demand and postponement of proceedings. Indeed, Defendants' requested extensions while it continued to ponder settlement saved Plaintiff from incurring additional expenses in litigation. Only when Plaintiff refused to further extensions and while Defendants continued to consider their settlement position, were Defendants forced to incur the expense of preparing their dispositive motion in light of the impending deadline.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) be denied.

**FOX ROTHSCHILD LLP**
*Attorneys for Defendants*

Date: April 19, 2021    By: *Wayne E. Pinkstone*
                          Wayne E. Pinkstone
                          Allison L. Hollows

9