[D.I. 55]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIE ANDRE,<br><br>           Plaintiff,<br><br>  v.<br><br>TRINITY HEALTH CORPORATION, et al.,<br><br>           Defendants. | Civil No. 18-3183 (RBK/AMD) |

**ORDER**

This matter comes before the Court by way of motion [D.I. 55] of Plaintiff, Marie Andre, seeking sanctions against Defendants, Mercedes Fuscellaro, Jennifer Garron, Health Management Services Organization, Inc., Barbara Hoelfner, Jillian M. Koerner, Lourdes Cardiology Services, and Gayle Wexler, pursuant to Federal Rule of Civil Procedure 16(f). Plaintiff also seeks sanctions against defense counsel individually and counsel's law firm. Specifically, Plaintiff asserts in this motion that Defendants obtained extensions of the deadline for filing dispositive motions under the guise of exploring settlement, but then filed a motion for summary judgment without ever contacting Plaintiff's counsel to discuss settlement. This conduct, Plaintiff argues, warrants a finding that the extensions of time obtained by

Defendants should be disregarded, and that Defendants' summary judgment motion should be denied as untimely because it was filed after the dispositive motion deadline contained in an October 20, 2020 Scheduling Order. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiff's motion for sanctions is denied.

The Court will set forth only those facts necessary for resolution of the motion for sanctions. In this action, Plaintiff asserts claims pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Acts of 1964, the New Jersey Law Against Discrimination, the Family and Medical Leave Act, the Fair Labor Standards Act, and the New Jersey Wage and Hour Law, for discrimination and retaliation, aiding and abetting, and failure to pay overtime wages. (Amended Compl. [D.I. 5], pp. 21-28, ¶¶ 101-143.) Defendants moved to dismiss the amended complaint [D.I. 6], and the District Court granted the motion in part, dismissing all claims against Defendant Trinity Health Corporation, and denying the remainder of the motion to dismiss. (Order [D.I. 13], Mar. 14, 2019, p. 2.)

Following resolution of Defendants' motion to dismiss, the parties participated in discovery. The parties also attended mediation on July 30, 2020 in an effort to resolve this case prior to trial. (*See* Letter from Wayne E. Pinkstone, Esq. [D.I. 41], Aug. 12, 2020.) Although the matter did not settle at that time,

Defendants assert that the mediation continued through an "open mediation" with the mediator. (*Id.*) On October 7, 2020, the Court entered a Scheduling Order setting a telephone conference for October 14, 2020 and directing the parties to "be prepared to discuss the status of mediation and any discovery and expert scheduling issues[.]" (Order [D.I. 45], Oct. 7, 2020.) The Court, following the October 14, 2020 conference, entered another Scheduling Order dated October 20, 2020 which set forth the deadlines for the completion of the remaining discovery, filing of dispositive motions, and preparation of the joint final pretrial order. (Amended Scheduling Order [D.I. 47], Oct. 20, 2020.) Pursuant to the October 20, 2020 Scheduling Order, the deadline for filing dispositive motions was January 29, 2021, and the Final Pretrial Conference was scheduled for February 25, 2021. (*Id.*)

By letter dated January 25, 2021, Defendants requested a thirty-day extension of the deadlines in the October 20, 2020 Scheduling Order "in order to allow the parties to explore resolution of this action." (Letter from Wayne E. Pinkstone, Esq. [D.I. 48], Jan. 25, 2021.) Defense counsel represented in the January 25, 2021 letter that Plaintiff's counsel consented to the request. (*Id.*) By Order dated January 26, 2021, the Court granted the request, extended the time to file dispositive motions to March 1, 2021, and rescheduled the final pretrial conference. (Amended Scheduling Order [D.I. 49], Jan. 26, 2021.) By letter dated

3

February 23, 2021, Defendants requested another thirty-day extension of the deadlines "in order to allow the parties to continue to explore resolution of this action[,]" noting that Plaintiff's counsel also consented to this second request. (Letter from Wayne E. Pinkstone, Esq. [D.I. 50], Feb. 23, 2021.) By Order dated February 24, 2021, the Court again granted the request, extended the time to file dispositive motions to March 31, 2021, and rescheduled the final pretrial conference. (Amended Scheduling Order [D.I. 51], Feb. 24, 2021.) On March 31, 2021, Defendants filed a motion for summary judgment [D.I. 52].

Plaintiff moves for sanctions against Defendants on the basis that "Defendants' counsel has fraudulently obtained Plaintiff's counsel's consent to multiple extension[s] of the scheduling deadlines[.]" (Letter from Ian M. Bryson, Esq. (hereinafter, "Pl.'s Reply Br.") [D.I. 65], Apr. 26, 2021, p. 1.) Plaintiff asserts that "Defendants have requested multiple extensions of the scheduling order for no other reason than to cause unnecessary delay[,]" as Defendants "used the additional time to draft and file their motion for summary judgment without ever contact[ing] Plaintiff to explore a resolution to the matter." (Certification of Ian M. Bryson, Esq. in Support of Plaintiff's Motion for Sanctions under Rule 16(f) (hereinafter, "Bryson Cert.") [D.I. 55-1], p. 8, ¶¶ 30-31.) Plaintiff notes in this regard that after defense counsel obtained Plaintiff's consent to

4

the extension on January 25, 2021, he never contacted Plaintiff's counsel to engage in settlement discussions. (*Id.* at p. 7, ¶ 28.) Plaintiff's counsel represents that he sent an email to defense counsel on February 9, 2021 asking whether he should contact the mediator to continue settlement efforts, and defense counsel responded that he would reach out to Plaintiff's counsel "later this week with an update." (*Id.* at pp. 5-6, ¶¶ 19-20.) On February 22, 2021, having not heard from defense counsel, Plaintiff's counsel asserts that he again contacted defense counsel for an update. (*Id.* at p. 6, ¶ 22.) Defense counsel purportedly called Plaintiff's counsel the following day and sought consent for another thirty-day extension of the scheduling order deadlines, representing that he would call with an update on settlement the following week. (*Id.* at p. 7, ¶ 23.) However, Plaintiff's counsel represents that "[a]t no time between February 23, 2021 and [the filing of the motion] did Defendants' counsel call Plaintiff's counsel with any update on the parties' settlement discussions." (*Id.* at p. 7, ¶ 26.) Plaintiff contends that because Defendants had no intention of settling this case, there was no "meeting of the minds" as to Plaintiff's consent to the requests for extension of the dispositive motion deadlines. (Pl.'s Reply Br., p. 1.) As such, Plaintiff argues that Defendants' dispositive motion should be denied as untimely pursuant to Federal Rule of Civil Procedure 16(f) because it was not filed by the deadline set forth in the

5

October 20, 2020 Scheduling Order. (*Id.; see also* Proposed Order [D.I. 55-3].) Plaintiff also seeks an award of attorney's fees and costs against Defendants, defense counsel individually, and defense counsel's law firm. (Proposed Order [D.I. 55-3].)

In opposition to the motion for sanctions, defense counsel represents that Defendants sought an extension of the deadlines in the scheduling orders "to conserve the parties' time and resources while considering early resolution of the matter." (Declaration of Wayne E. Pinkstone in Opposition to Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) [D.I. 61-1], p. 3, ¶ 7.) Defense counsel asserts that "Defendants considered whether and in what form they would like to counter Plaintiff's most recent settlement demand and spoke with Defendants' counsel with regard to settlement." (*Id.* at p. 7, ¶ 8.) Defense counsel further asserts that "Defendants have not yet authorized Defendants' counsel to render any response to the demand." (*Id.* at p. 7, ¶ 9.) Defense counsel also asserts that because Plaintiff's counsel purportedly advised that Plaintiff would not agree to any additional extensions of time in this matter, and because Defendants had not authorized settlement of the matter, defense counsel prepared and filed a motion for summary judgment in compliance with the deadline set forth in the February 24, 2021 Scheduling Order. (Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) [D.I. 61],

pp. 2, 8.) Defendants contend that their efforts to obtain additional time to file a dispositive motion demonstrated their intent to move for summary judgment, and they argue that there is no basis to impose sanctions in this case because the motion for summary judgment was timely filed. (*Id.* at pp. 2, 4.)

Pursuant to Federal Rule of Civil Procedure 16(f), the court may impose sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate — or does not participate in good faith — in the conference; or (C) fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1). Furthermore, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2).

The Court finds that Plaintiff fails to demonstrate a basis for the imposition of sanctions at this time. Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 16(f) for Defendants' alleged failure to comply with a scheduling order. However, Defendants' summary judgment motion was filed on March 31, 2021, the deadline for filing dispositive motions set forth in the February 24, 2021 Scheduling Order. (Amended Scheduling Order

[D.I. 51], Feb. 24, 2021, p. 1, ¶ 1.) Although that deadline had been extended from prior scheduling orders based on Defendants' requests for extensions, Plaintiff consented to those extension requests. Plaintiff's counsel now contends his consent was fraudulently procured because he was misled by defense counsel, but the scheduling orders have already been amended and the Court cannot require Defendants to comply with deadlines in scheduling orders that were subsequently amended. Because Defendants complied with the scheduling orders in this case, at this time the Court concludes that there is no basis to impose sanctions pursuant to Rule 16.[1]

---

[1] For this reason, the Court finds Plaintiff's reliance on *Rice v. NBCUniversal Media LLC*, Civil No. 19-447, 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019), misplaced. In *Rice*, the court imposed sanctions on the plaintiff's counsel personally for his "repeated failure to comply with [court] orders, failures that imposed considerable and unwarranted costs on the [c]ourt, its staff, and Defendant[.]" *Id.* The court had ordered the parties to schedule mediation, but the plaintiff's counsel did not respond to the mediation office and mediation never occurred. *Id.* at *3. The court also scheduled a conference but the plaintiff's counsel made a late request to move the conference, then later the same day filed a stipulation of dismissal and a motion to adjourn the conference. *Id.* at *2. The court in *Rice* denied the request to adjourn the conference and ordered the plaintiff's counsel to appear and "answer for his apparent failure to comply with this Court's orders and rules, including its orders regarding early mediation." *Id.* (internal quotation omitted). Nonetheless, the plaintiff's counsel failed to appear at the conference. *Id.* The *Rice* court found that sanctions were appropriate pursuant to Rule 16 for the plaintiff's counsel's failure to comply with the order requiring the parties to mediate the case. *Id.* at *3. The court also imposed sanctions pursuant to its inherent authority because counsel willfully disobeyed court orders in a pattern of non-compliance with the court's orders and the orders of other courts within the district.

In so finding, the Court does not condone the failure of defense counsel to respond to Plaintiff's counsel's requests for updates as to Defendants' settlement position, or his failure to advise Plaintiff's counsel that he engaged in discussions with Defendants, but Defendants had not yet authorized counsel to take a settlement position. Despite this failure, however, the Court accepts defense counsel's representation that after he sought an extension of time from the Court, he spoke with Defendants about a settlement position, had not yet been authorized to respond to Plaintiff's last settlement demand, and filed the summary judgment motion to ensure compliance with the scheduling order.

Moreover, the Court finds that Plaintiff fails to demonstrate prejudice arising from the extensions of time obtained by Defendants. Plaintiff asks for the "attorneys fees and costs incurred as a result of Defendants' counsel's conduct" and has submitted an invoice from the mediator for the mediator's services. (Brief in Support of Plaintiff's Motion for Sanctions under Rule 16(f) [D.I. 55-2], p. 3; Pl.'s Reply Br., Ex. A.) Plaintiff also submits a certification of counsel which indicates that Defendants sought to reschedule the mediation on one occasion in May of 2020

---

*Id.* The pattern of willful non-compliance that warranted sanctions against counsel in *Rice*, however, is not present in this case. Defense counsel did not disobey the Court's scheduling orders, nor is there any evidence of a pattern of disregard of any other court orders by counsel in this case.

due to the pandemic, requested during the in-person mediation that the mediation be adjourned for approximately two weeks, and then neglected to provide Plaintiff with an update of settlement discussions. (Bryson Cert., ¶¶ 4-12.) However, the mediator's invoice demonstrates that mediation did occur on July 30, 2020 and lasted eight hours (*see* Pl.'s Reply Br., Ex. A [D.I. 66]), and there is no showing to warrant an award of the mediation fees.[2] Indeed, the basis of this sanctions motion is defense counsel's alleged misrepresentations in January 2021 and February 2021 of Defendants' intention to continue settlement discussions to gain additional time to prepare a summary judgment motion, and Plaintiff has not identified any costs or fees incurred as a result of those extensions of time obtained by Defendants. Moreover, any delay resulting from the extensions of time is unlikely to affect the trial date of this case given the delay of jury trials as a result of the pandemic. Additionally, while Defendants had an extra two months to prepare their summary judgment motion, Plaintiff has

---

[2] The mediator billed one hour for "numerous [t]elephone calls with counsel to continue settlement discussions in October 2020-January 2021." (Pl.'s Reply Br., Ex. A.) The record does not demonstrate the extent to which the parties communicated with the mediator after the mediation, other than one email from the mediator's assistant on January 27, 2021 – after Defendants had already obtained the first extension of the October 20, 2020 Scheduling Order – asking whether the parties still required the mediator's assistance, and a responsive email from Plaintiff's counsel asking that the file remain open should the parties require the mediator's assistance. (Bryson Cert., pp. 3-5, ¶¶ 16, 18.)

also been granted an extension of time to file opposition to the motion. (Text Order [D.I. 68], May 3, 2021.)

In summary, Plaintiff fails to demonstrate a basis for the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f). Defendants have complied with the scheduling orders in this case, and Plaintiff fails to demonstrate any costs incurred as a result of Defendants' conduct or other prejudice arising from the extensions of time granted by the Court.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **3rd** day of **June 2021**,

**ORDERED** that Plaintiff's motion [D.I. 55] for sanctions shall be, and is hereby, **DENIED**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Robert B. Kugler